## Joseph H. Allen *versus* Henry I. Perkins.

In an action for slander, a count setting forth generally, that the defendant charged the plaintiff with a crime, (naming it,) is good.

Under such a count, the plaintiff may prove, that the words spoken, although not actionable in themselves, were rendered so, by reason of the existence of certain extrinsic facts, a reference to those facts, and the mode in which the words were used, notwithstanding there was no averment that they were spoken with reference to any fact whatever.

If it be proved that the justice of the peace by whom a foreign deposition was taken, was at the time exercising the office of a justice of the peace, this is good *primâ facie* evidence of his appointment and qualification as such magistrate, so as to authorize him to take the deposition.

It is sufficient if the notice of the time and place of taking a foreign deposition be such as to allow the party an opportunity to cross-examine the witness. Thus, where notice was given to the party in the forenoon, to attend the taking of the deposition at twenty minutes before two o'clock in the afternoon, and at twenty minutes after two o'clock the officer gave him verbal notice to attend the taking at four o'clock on the same afternoon, the place of taking being between two and three miles distant, it was *held*, that the notice was sufficient.

THIS was an action on the case for slander. The two first counts charged the defendant with having spoken certain slanderous words, which were set forth *in hæc verba*, tending to impute to the plaintiff the crime of larceny. The third count, after the usual introductory allegations, averred, tha⁺ ⁕he de

fendant publicly charged the plaintiff with the crime of steal-
ing.

The trial was before *Shaw* C. J.

In support of the third count, although no actionable words
were either laid or proved, the plaintiff proposed to prove,
that the words were spoken with reference to certain extrinsic
facts, which gave them an actionable quality ; but inasmuch
as no such facts were alleged and there was no averment or
colloquium, that the words were spoken or the charge made
with reference to any fact whatever, except that the charge
was made of and concerning the plaintiff, the defendant objected
to the admission of such evidence.   But it was ruled, that as
a necessary consequence of allowing this general mode of de-
claring, all such facts and circumstances might be given in
evidence, the existence and a reference to which would tend
to show, that the words were used in the slanderous sense im-
puted and did charge the plaintiff with larceny, although not
set forth in the declaration ; that in admitting a general declar-
ation in an action of slander, the rule of evidence was not va-
ried ; that to maintain such a count, it was necessary to prove
all the facts, which under a more special form of declaring
must be set out ; and that the evidence must prove words
either actionable in themselves or rendered so by reason of
the existence of other facts, the reference to those facts, and
the mode in which they were used.

To the admission in evidence of such facts the defendant
excepted, and the question was reserved for the consideration
of the whole Court.

The plaintiff also offered in evidence the deposition of Ma-
ry Aldrich, which purported to have been taken on April 8,
1834, before Nathaniel Searle, a justice of the peace in Prov-
dence, Rhode Island.   The defendant objected to its admis-
sion unless the fact that Searle was at the time a justice of
the peace, should be proved by the record of his appointment
and qualification.   But it was ruled, that it might be proved by
evidence, that he was at the time acting in the capacity and in
fact exercising the office of a justice of the peace.

It was further objected to the admission of this deposition,
that the defendant had not reasonable and sufficient notice of

the time and place of taking it. It appeared from the testimo-
ny of J. H. Gould, who was an officer, that on the forenoon
of Saturday, April 8, 1834, he served on the defendant a writ-
ten notice of the time and place of taking Aldrich's deposition;
that by mistake the notice stated the time to be on the 7th; that
the witness informed the defendant, that the true time was on
the 8th, at twenty minutes before two o'clock, which was the
hour mentioned in the summons; and that at twenty minutes
after two o'clock on the same day, the witness gave the de-
fendant verbal notice, to attend the taking of the deposition at
four o'clock on the same afternoon, at Searle's office, which
was at the distance of between two and three miles.

Allen
v.
Perkins.

It was ruled, that under the circumstances of the case,
the proof of notice was sufficient, and the deposition was
admitted.

The jury returned a verdict for the plaintiff.

If the Court should be of opinion that the deposition of Al-
drich was inadmissible, or that the evidence above stated ought
not to have been received in support of the general count, the
verdict was to be set aside and a new trial granted.

*H. Mann, A. Bassett* and *S. Williams*, for the defendant, to
the point that the evidence introduced to prove that Searle was
qualified to take depositions, was erroneously admitted, cited
*Regulæ Generales*, 16 Mass. R. 374 ; *St.* 1797, *c.* 35 ; Stat-
utes of Rhode Island, (edit. 1798,) 260 ; *Raynham* v. *Can-
ton*, 3 Pick. 293 ; *Lincoln* v. *Battelle*, 6 Wendell, 475 ; and
to the point, that the notice given of the time of taking the
deposition of Aldrich was insufficient, Statutes of Rhode
Island, (edit. 1798,) 260.

*Oct. 20th.*

*Warren* and *Pratt*, for the plaintiff, to the point, that the
ruling as to the evidence of the appointment and qualification
of Searle was correct, cited *Damon's case*, 6 Greenl. 148 ;
*Savage* v. *Balch*, 8 Greenl. 27.

WILDE J. delivered the opinion of the Court. The defend-
ant is charged in the third count in the declaration, with open-
ly and publicly slandering the plaintiff by charging him with
the crime of larceny ; and whatever doubts may have hereto-
fore existed as to the correctness of such a general mode of
declaring, they are removed by the decision in the case of

*Oct. 23d.*

Allen
*v.*
Perkins.

*Whiting* v. *Smith*, 13 Pick. 364. There is therefore no ob
jection to the form of the declaration, and the law was cor-
rectly laid down by the Chief Justice at the trial, as to the
evidence necessary to support such a general declaration
The jury were instructed that, to maintain the action on the
third count, it was necessary for the plaintiff to prove all the
facts, which under a more special form of declaration must be
set out, in order to maintain the action ; that the rule of evi-
dence was not varied by the form of the declaration ; and that
consequently the plaintiff must prove words actionable in them-
selves, or rendered so by reason of the existence of other facts,
the reference to these facts, and the mode in which they were
used. These instructions were clearly correct, and we can-
not imagine how the law could be laid down with more pre-
cision.

We think also that the judge decided rightly in admitting
the deposition, notwithstanding the defendant's objections.

Foreign depositions may be admitted as evidence, or reject-
ed, at the discretion of the court. Here it was proved to the
satisfaction of the court, that the justice taking the deposition
was an acting justice of the peace in the State of Rhode
Island. This kind of proof has always been held good *primâ
facie* evidence of the appointment and qualification of a magis-
trate, so as to authorize him to take depositions. When the
court have a discretion, presumptive proof, if satisfactory, is
sufficient, although it may not be the best evidence that might
be produced. As to the notice to the opposite party, of the
time and place of taking the deposition, all that is required by
the rule of court is, that the notice shall be sufficient to allow
the party an opportunity to cross-examine the witness ; and
the verbal notice correcting the mistake in the written notice,
appears to the Court to be sufficient for that purpose.

<div align="center">

*Judgment according to verdict.*